1   LAFAYETTE & KUMAGAI LLP
    GARY T. LAFAYETTE (State Bar No. 88666)
2   SUSAN T. KUMAGAI (State Bar No. 127667)
    GLEN TURNER (State Bar No. 212417)
3   100 Spear Street, Suite 600
    San Francisco, California 94105
4   Telephone:   (415) 357-4600
    Facsimile:    (415) 357-4605
5
    STEPHEN L. SCHIRLE (State Bar No. 96085)
6   DARREN P. ROACH (State Bar No. 159998)
    77 Beale Street, B30A
7   P.O. Box 7442
    San Francisco, California 94105
8   Telephone: (415) 973-6345
    Facsimile: (415) 973-5520
9
    Attorneys for Defendant
10  PACIFIC GAS AND ELECTRIC COMPANY

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15  WILLIAM A. SMITH AND JOSEPH E.          Case No.  C07-02126 JSW
    LEMUS,
16
              Plaintiffs,
17                                          DEFENDANT PACIFIC GAS AND
    vs.                                     ELECTRIC COMPANY'S ANSWER TO
18                                          PLAINTIFFS' FIRST AMENDED
    PACIFIC GAS AND ELECTRIC                COMPLAINT
19  COMPANY,

20            Defendant.

21

22          Defendant PACIFIC GAS AND ELECTRIC COMPANY ("Defendant" or "PG&E")

23  hereby answers the First Amended Complaint for Damages ("Complaint") filed by Plaintiffs

24  William A. Smith ("Smith") and Jose E. Lemus ("Lemus") (collectively referred to as

25  "Plaintiffs"), as follows:

26          1.      Answering paragraph 1 of the Complaint, Defendant admits that Plaintiffs' action

27  herein is based on alleged discrimination, and that PG&E hired Smith as an engineer in or about

28  1990.  Except as so expressly admitted, Defendant lacks sufficient information to form a belief as

                                                                                          1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1   to the truth of the material allegations contained therein and, on that basis, denies them.

2   Defendant specifically denies that Smith was demoted, and that he was "replaced" in his prior

3   position.

4         2.      Answering paragraph 2 of the Complaint, Defendant admits that Lemus was hired

5   by PG&E in or about 1988, that he filed an EEOC charge in October 2005, and that he was not

6   selected for two Team Lead positions in 2005 and for a Senior Project Manager's position in

7   2006. Except as so expressly admitted, Defendant lacks sufficient information to form a belief as

8   to the truth of the material allegations contained therein and, on that basis, denies them.

9   Defendant specifically denies that less qualified candidates were selected for the positions Lemus

10  sought.

11        3.      Answering paragraph 3 of the Complaint, Defendant denies the material

12  allegations contained therein.

13  <u>JURISDICTION AND VENUE</u>

14        4.      Answering paragraph 4 of the Complaint, Defendant admits that Plaintiffs' claims

15  arise under federal law and that Lemus' retaliation claim arises under state law.

16        5.      Answering paragraph 5 of the Complaint, defendant admits the material

17  allegations contained therein.

18  <u>PARTIES</u>

19        6.      Answering paragraph 6 of the Complaint, Defendant admits the material

20  allegations contained therein, except with regard to any and all allegations relating to Smith's

21  alleged disability for which Defendant lacks sufficient information to form a belief as to the truth

22  of those allegations and, on that basis, denies them.

23        7.      Answering paragraph 7 of the Complaint, Defendant admits the material

24  allegations contained therein.

25        8.      Answering paragraph 8 of the Complaint, Defendant lacks sufficient information

26  to form a belief as to the truth of the material allegations contained therein and, on that basis,

27  denies them.

28        9.      Answering paragraph 9 of the Complaint, Defendant lacks sufficient information

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2

1   to form a belief as to the truth of the material allegations contained therein and, on that basis,

2   denies them.

3                                    STATEMENT OF FACTS

4       10.     Answering paragraph 10 of the Complaint, Defendant admits Smith is an engineer

5   employed by PG&E and over the age of 40.  Except as so expressly admitted, defendant denies

6   the material allegations contained therein.

7       11.     Answering paragraph 11 of the Complaint, Defendant lacks sufficient information

8   to form a belief as to the truth of the material allegations contained therein and, on that basis,

9   denies them.

10      12.     Answering paragraph 12 of the Complaint, Defendant lacks sufficient information

11  to form a belief as to the truth of the material allegations contained therein and, on that basis,

12  denies them.

13      13.     Answering paragraph 13 of the Complaint, Defendant lacks sufficient information

14  to form a belief as to the truth of the material allegations contained therein and, on that basis,

15  denies them.  Defendant specifically denies that Smith was a "manager."

16      14.     Answering paragraph 14 of the Complaint, Defendant admits that in or about

17  March 2005, employees were notified that ITI and ITUSS were going to be consolidated ("2005

18  reorganization").

19      15.     Answering paragraph 15 of the Complaint, Defendant admits that one of the

20  results of the consolidation of the ITI and ITUSS departments in 2005 was a reduction in force.

21      16.     Answering paragraph 16 of the Complaint, Defendant submits the allegations

22  contained therein are vague and ambiguous and overbroad, therefore, Defendant asserts it lacks

23  sufficient information to form a belief as to the truth of the material allegations contained therein

24  and, on that basis, denies them.

25      17.     Answering paragraph 17 of the Complaint, Defendant lacks sufficient information

26  to form a belief as to the truth of the material allegations contained therein and, on that basis,

27  denies them.  Defendant specifically denies any company policy was violated in the selection

28  process during the 2005 reorganization.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

PG&E'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C07-02126 JSW

18.     Answering paragraph 18 of the Complaint, Defendant asserts the allegations are vague and ambiguous and, therefore, Defendant is unable to admit or deny them.  However, Defendant admits Smith was not interviewed for a manager's position during the 2005 reorganization.

19.     Answering paragraph 19 of the Complaint, Defendant admits that Smith was told he was not selected for a manager's position during the 2005 reorganization, but denies that Smith was told he was demoted.  Except as so expressly admitted and denied, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.

20.     Answering paragraph 20 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.  Defendant specifically denies that all managers selected were younger than Smith.

21.     Answering paragraph 21 of the Complaint, Defendant denies the material allegations contained therein.

22.     Answering paragraph 22 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.

23.     Answering paragraph 23 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.

24.     Answering paragraph 24 of the Complaint, Defendant admits the material allegations contained therein.

25.     Answering paragraph 25 of the Complaint, Defendant denies the material allegations contained therein.

26.     Answering paragraph 26 of the Complaint, Defendant admits the material allegations contained therein.

27.     Answering paragraph 27 of the Complaint, Defendant admits Lemus is Hispanic and was hired in or about 1988.  Except as so expressly admitted, Defendant lacks sufficient

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them. Defendant specifically denies that PG&E promised Lemus career advancement and promotion.

28. Answering paragraph 28 of the Complaint, Defendant admits the material allegations contained therein.

29. Answering paragraph 29 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.

30. Answering paragraph 30 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.

31. Answering paragraph 31 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.

32. Answering paragraph 32 of the Complaint, Defendant admits Lemus was not promoted to a Team Lead position in March 2005 and that a white male was selected. To the extent the remaining allegations are material, they are vague and ambiguous and, therefore, Defendant is unable to admit or deny them.

33. Answering paragraph 33 of the Complaint, Defendant admits the material allegations contained therein.

34. Answering paragraph 34 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.

35. Answering paragraph 35 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.

36. Answering paragraph 36 of the Complaint, Defendant admits the material allegations contained therein.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

PG&E'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C07-02126 JSW

37.     Answering paragraph 37 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.

38.     Answering paragraph 38 of the Complaint, Defendant admits Lemus applied for a Senior Project Manager position in August 2006.  Except as so expressly admitted, defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.

39.     Answering paragraph 39 of the Complaint, Defendant lacks information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies them.

40.     Answering paragraph 40 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.

41.     Answering paragraph 41 of the Complaint, Defendant lacks information sufficient to form a basis for belief as to the truth of the allegations contained therein, and on that basis, denies them.

42.     Answering paragraph 42 of the Complaint, Defendant lacks information sufficient to form a basis for belief as to the truth of the allegations contained therein, and on that basis, denies them.

43.     Answering paragraph 43 of the Complaint, Defendant admits Lemus was not selected.  Except as so expressly admitted, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them. Defendant specifically denies that the successful candidate was not qualified for the position.

44.     Answering paragraph 44 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.  Defendant specifically denies any change in Lemus' performance rating was the result of an alleged internal complaint by Lemus.

45.     Answering paragraph 45 of the Complaint, Defendant denies the material allegations contained therein and specifically denies that PG&E retaliated against Lemus.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

46.     Answering paragraph 46 of the Complaint, Defendant lacks information sufficient to form the basis of a belief in the truth of the allegations therein, and on that basis denies them.

47.     Answering paragraph 47 of the Complaint, Defendant admits the material allegations contained therein.

48.     Answering paragraph 48 of the Complaint, Defendant admits the material allegations contained therein.

49.     Answering paragraph 49 of the Complaint, Defendant admits the material allegations contained therein.

50.     Answering paragraph 50 of the Complaint, Defendant admits the material allegations contained therein.

<u>FIRST CLAIM FOR RELIEF – AGE DISCRIMINATION</u>

51.     Answering paragraph 51 of the Complaint, Defendant incorporates its answers to paragraphs 1-50 as if fully re-stated.

52.     Answering paragraph 52 of the Complaint, Defendant denies the material allegations contained therein.

<u>SECOND CLAIM FOR RELIEF – DISABILITY DISCRIMINATION</u>

53.     Answering paragraph 53 of the Complaint, Defendant incorporates its answers to paragraphs 1-52 as if fully restated.

54.     Answering paragraph 54 of the Complaint, Defendant denies the material allegations contained therein.

<u>THIRD CLAIM FOR RELIEF – RETALIATION DISCRIMINATION</u>

55.     Answering paragraph 55 of the Complaint, Defendant incorporates its answers to paragraphs 1-54 as if fully restated.

56.     Answering paragraph 56 of the Complaint, Defendant denies the material allegations contained therein.

<u>FOURTH CLAIM FOR RELIEF – NATIONAL ORIGIN DISCRIMINATION</u>

57.     Answering paragraph 57 of the Complaint, Defendant incorporates its answers to paragraphs 1-56 as if fully restated.

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

58.    Answering paragraph 58 of the Complaint, Defendant denies the material allegations contained therein.

### FIFTH CLAIM FOR RELIEF – RETALIATION DISCRIMINATION

59.    Answering paragraph 59 of the Complaint, Defendant incorporates its answers to paragraphs 1-58 as if fully restated.

60.    Answering paragraph 60 of the Complaint, Defendant denies the material allegations contained therein.

### DAMAGES

61.    Answering paragraph 61 of the Complaint, Defendant denies the material allegations contained therein and specifically denies that Plaintiffs, and each of them, were injured in the manner alleged, or any manner whatsoever, as a result of conduct by Defendant.

### PUNITIVE DAMAGES

62.    Answering paragraph 62 of the Complaint, Defendant denies the material allegations contained therein.

### **FIRST AFFIRMATIVE DEFENSE**

63.    As a first separate and affirmative defense, Defendant asserts that Plaintiffs fail to allege facts sufficient to constitute a claim for relief against Defendant.

### **SECOND AFFIRMATIVE DEFENSE**

64.    As a second separate and affirmative defense, Defendant asserts that Plaintiffs failed to exhaust appropriate administrative remedies with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

### **THIRD AFFIRMATIVE DEFENSE**

65.    As a third separate and affirmative defense, Defendant asserts that this action cannot be maintained because statutory prerequisites have not been fulfilled.

### **FOURTH AFFIRMATIVE DEFENSE**

66.    As a fourth separate and affirmative defense, Defendant asserts that any damages sustained by Plaintiffs were either wholly or in part negligently caused by Plaintiffs' own actions, inactions, or delay in acting, and said negligence comparatively reduces the percentage of

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1   negligence, if any, by Defendant.

2   **FIFTH AFFIRMATIVE DEFENSE**

3       67.      As a fifth separate and affirmative defense, Defendant asserts that the complained-

4   of actions were taken with just cause and were not in violation of any federal or state statute.

5   **SIXTH AFFIRMATIVE DEFENSE**

6       68.      As a sixth separate and affirmative defense, Defendant asserts that any emotional

7   distress or mental anguish allegedly suffered is barred by the exclusive remedy provided by

8   Labor Code §3600 *et seq*. and cannot be compensated for in this present action.

9   **SEVENTH AFFIRMATIVE DEFENSE**

10      69.      As a seventh, separate and affirmative defense, Defendant asserts that claims for

11  mental and/or emotional distress are subject to the exclusive jurisdiction of the California

12  Workers' Compensation Appeals Board (Labor Code § 3200, et seq.).

13  **EIGHTH AFFIRMATIVE DEFENSE**

14      70.      As an eighth, separate and affirmative defense, Defendant asserts that it had no

15  knowledge of any alleged discrimination and/or retaliation.

16  **NINTH AFFIRMATIVE DEFENSE**

17      71.      As a ninth separate and affirmative defense, Defendant asserts that it did not ratify

18  and/or approve any wrongful conduct.

19  **TENTH AFFIRMATIVE DEFENSE**

20      72.      As a tenth, separate and affirmative defense, Defendant asserts that Plaintiff's

21  Complaint is barred by statutes of limitation including, but not limited to, 42 U.S.C. §2000e-

22  5(e)(1), Cal. Gov. Code § 12960(d), and Cal. Gov. Code § 12965(b).

23  **ELEVENTH AFFIRMATIVE DEFENSE**

24      73.      As an eleventh, separate and affirmative defense, Defendant asserts that the

25  Complaint fails to state facts sufficient to justify an award of punitive damages and fails to state

26  sufficient and specific facts to support the underlying allegations of malice and oppression.

27  ///

28  ///

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

PG&E'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C07-02126 JSW

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**TWELFTH AFFIRMATIVE DEFENSE**

74.     As a twelfth, separate and affirmative defense, Defendant asserts that it is entitled to recover reasonable expenses, including attorneys' fees, from Plaintiff, and that Plaintiff's Complaint is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

75.     As a thirteenth, separate and affirmative defense, Defendant asserts that the alleged damages sustained by Plaintiffs were caused by persons, firms, corporations, entities or organizations other than Defendant, and by reason thereof, Defendant is not liable to Plaintiffs for any alleged injuries, losses or damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

76.     As a fourteenth, separate and affirmative defense, Defendant asserts that the alleged adverse employment actions of which Plaintiffs complain were based on one or more legitimate, nondiscriminatory, non-pretextual reasons.

**FIFTEENTH AFFIRMATIVE DEFENSE**

77.     As a fifteenth, separate and affirmative defense, Defendant asserts that its actions were taken for good cause and legitimate business reasons.

**SIXTEENTH AFFIRMATIVE DEFENSE**

78.     As a sixteenth, separate and affirmative defense, Defendant asserts that it would have acted in the manner complained of by the Plaintiffs regardless of Plaintiffs' age, alleged disability, national origin and/or alleged protected acts.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

79.     As a seventeenth, separate and affirmative defense, Defendant asserts that to the extent Plaintiffs engaged in any conduct that could be construed as protected activity, they did so in bad faith and with no good faith belief in the truth thereof.

///

///

10

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**EIGHTEENTH AFFIRMATIVE DEFENSE**

80.     As an eighteenth, separate and affirmative defense, Defendant asserts it had no knowledge of plaintiffs' protected acts at the time of making employment decisions which are the subject of this lawsuit.

**NINETEENTH AFFIRMATIVE DEFENSE**

81.     As a nineteenth, separate and affirmative defense, Defendant asserts that Plaintiffs failed to mitigate their damages, if any, and said failure to mitigate bars Plaintiffs from recovery in this action.

**TWENTIETH AFFIRMATIVE DEFENSE**

82.     As a twentieth, separate and affirmative defense, Defendant asserts that an award of punitive damages is unconstitutional under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

83.     As a twenty-first, separate and affirmative defense, Defendant asserts that Plaintiffs failed to use ordinary care and diligence in the performance of their duties, thus their claims are barred by Labor Code § 2854.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

84.     As a twenty-second, separate and affirmative defense, Defendant asserts that Defendant's conduct alleged in the complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief it was correct and no action may be taken against Defendant on account of such conduct.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

85.     As a twenty-third, separate and affirmative defense, Defendant asserts that Plaintiffs acted with unclean hands.

///

///

///

///

1    WHEREFORE, Defendant prays:

2        1.    The Plaintiffs take nothing by the Complaint;

3        2.    That the Complaint be dismissed with prejudice;

4        3.    That Defendant recover its costs of suit herein, including its reasonable attorneys'

5    fees; and

6        4.    The Court grant such other further relief as it may deem appropriate.

7

8    DATED:  September 6, 2007          LAFAYETTE & KUMAGAI LLP

9                                          _____/s/ Glen Turner_____
                                          GLEN TURNER
10                                         Attorneys for Defendant
                                          PACIFIC GAS AND ELECTRIC COMPANY
11

12

13                          **CERTIFICATE OF SERVICE**

14        I certify that a copy of this document was served electronically on September 6, 2007, on
15   counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by
     use of the Court's ECF system.
16
                                          _____/s/Glen Turner_____
17                                         GLEN TURNER

18

19

20

21

22   PGE\Smit\Pldg\Answer to 1st amd comp.doc

23

24

25

26

27

28

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

12

PG&E'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C07-02126 JSW