UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. SMITH and JOSE LEMUS, <br><br> Plaintiff(s), <br><br> v. <br><br> PACIFIC GAS AND ELECTRIC COMPANY, <br><br> Defendant(s). | No. C07-2126 JSW (BZ) <br><br><br> **FOURTH DISCOVERY ORDER** |

    Following a meet and confer session in my courtroom, I ordered defendant to review and revise its privilege log in light of my comments and to lodge a copy of the privilege log, as well as any documents it contends are privileged, for an *in camera* review.  Upon consideration of the documents and defendant's arguments for privilege and privacy, **IT IS HEREBY ORDERED** that:

    1.  Defendant shall produce documents pursuant to this order by no later than **Friday, June 13, 2008**, if they are being withheld solely on the grounds of privilege and privacy. This Order does not address any other objections defendant may

1

have asserted.

2. <u>Third Party Privacy</u>

Defendant's objections to the production of documents in Privilege Log numbers **2**, **4**, and **5** on the ground of third party privacy are **DENIED**. The individuals' privacy interests can be protected by redacting the personal information listed in the documents, except for age. They shall be disclosed pursuant to an "Attorneys Eyes Only" protective order.

Defendant also objects on the grounds of privacy to the production of application materials and interview evaluations for unsuccessful candidates for the positions for which plaintiffs applied. Defendant asserts that the cover letters, resumes, interview questions and answers, and evaluators' notes include "identifying and private information." It does not appear that all the information contained in the documents constitutes private information that should not be produced.

Defendant's objections to the production of privilege log documents **6** and **7** are **DENIED**. Again, the individual's privacy interests can be protected by redacting personal information, except age, and producing the documents pursuant to an "Attorneys Eyes Only" protective order.

3. <u>Attorney-Client Privilege/Work Product Doctrine:</u>

The attorney-client privilege protects confidential communications between lawyers and their clients made for the purpose of securing legal advice. "The rule which places the seal of secrecy upon communications between client and attorney is founded upon the necessity, in the interest and administration of justice, of the aid of persons having

2

1  knowledge of the law and skilled in its practice, which
2  assistance can only be safely and readily availed of when free
3  from the consequences or the apprehension of disclosure."
4  <u>Hunt v. Blackburn</u>, 128 U.S. 464, 470 (1888).  "Ordinarily the
5  compelled disclosure of an attorney's communications or advice
6  to the client will effectively reveal the substance of the
7  client's confidential communication to the attorney. To
8  prevent this result, the privilege normally extends both to
9  the substance of the client's communication as well as the
10 attorney's advice in response thereto." <u>Matter of Fischel</u>,
11 557 F.2d 209, 211 (9th Cir. 1977).  Employee's communications
12 with in-house counsel that are made in scope of the employee's
13 duties for the purpose of securing legal advice are protected
14 by the attorney-client privilege. <u>Upjohn Co. v. U.S.</u>, 449
15 U.S. 383, 394 (1981).

16      Pursuant to Federal Rule of Civil Procedure 26(b)(3) "a
17 party may not discover documents and tangible things that are
18 prepared in anticipation of litigation or for trial by or for
19 another party or its representative (including the other
20 party's attorney, consultant, surety, indemnitor, insurer, or
21 agent)."  The work product doctrine protects "material
22 prepared by agents for the attorney as well as those prepared
23 by the attorney himself." <u>U.S. v. Nobles</u>, 422 U.S. 225, 238 -
24 39 (1975).

25      Defendant has the burden of establishing that the
26 attorney-client privilege applies. <u>U.S. v. Plache</u>, 913 F.2d
27 1375, 1379 (9th Cir. 1990).  Similarly, "the party asserting
28 the protection of the work-product doctrine bears the burden

3

1  of proof." S.E.C. v. Beacon Hill Asset Mgmt. LLC, 231 F.R.D.
2  134, 139 (S.D.N.Y. 2004); *citing* In re Grand Jury Subpoena
3  Dated December 19, 1978, 599 F.2d 504, 510 (2d Cir. 1979).
4  During the meet and confer conference, I directed defendant to
5  amend its privilege log to sufficiently set forth the grounds
6  on which it was claiming privilege.  Nevertheless, defendant's
7  log merely sets forth general assertions that the
8  communications contained in the documents are privileged and
9  that communications were made in anticipation of litigation.

10      Defendant's objection to the production of Privilege Log
11  number **3** is **GRANTED, IN PART**.  The portion of the email
12  exchange that sets forth legal advice from defendant's in-
13  house counsel is protected by the attorney-client privilege;
14  however, the remainder is not privileged.  Defendant shall
15  produce the document redacting the portion of the email
16  reflecting the advice of in-house counsel.

17      Defendant's objections to the production of documents in
18  Privilege Log numbers **8**, **9,** and **10** are **DENIED** because the
19  documents do not reflect conversations providing or seeking
20  legal advice from counsel; nor do they constitute work
21  product.  For example, the email contained in Privilege Log
22  number 9 is from Ms. Toussaint, defendant's HR Supervisor for
23  EEO/ER Investigations, informing various employees that
24  plaintiff Smith's EEOC complaint was closed.  The email was
25  copied to one of defendant's in-house counsel.  Defendant
26  contends the document is protected by the attorney-client
27  privilege because it is a "[c]onfidential communication to
28  attorney advising as to status of matter, made in anticipation

4

1  of litigation."  Defendant does not contend that Ms. Toussaint
2  was seeking legal advice or that the correspondence was
3  prepared by defendant's attorney (or the attorney's agent) in
4  anticipation of litigation.  Moreover, the email was not
5  directed to the in-house counsel, instead the attorney was
6  merely copied on the email.  "What would otherwise be routine,
7  non-privileged communications between corporate officers or
8  employees transacting the general business of the company do
9  not attain privileged status solely because in-house or
10 outside counsel is 'copied in' on correspondence or
11 memoranda."  Kintera, Inc. v. Convio, Inc., 219 F.R.D. 503,
12 515 (S.D.Cal. 2003); *quoting*  F.C. Cycles Int'l, Inc. v. Fila
13 Sport, S.p.A., 184 F.R.D. 64, 71-72 (D.Md. 1998).  Incidental
14 communications that are copied to an attorney are not
15 protected by the attorney-client privilege.  Cont'l Ill. Nat.
16 Bank and Trust Co. of Chicago v. Indem. Ins. Co. of N. Am.,
17 1989 WL 135203, *3 (N.D.Ill. 1989) (carbon copied
18 communication is not privileged when it "is not primarily
19 directed to an attorney, nor does it seek legal advice");
20 Yurick ex rel. Yurick v. Liberty Mut. Ins. Co., 201 F.R.D.
21 465, 471 (D. Ariz. 2001).
22      5.   Attorney-Client Privilege re: Consultant Hired to
23 Assist Defendant with Investigation:
24      Defendant hired Bashen Consulting, an outside group, "to
25 perform an investigation in anticipation of litigation."  As
26 noted supra, the work-product doctrine applies to documents
27 created in the anticipation of litigation by an investigator
28 working for an attorney.  Nobles, 422 U.S. at 239 (1975); In

5

re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357 F.3d 900, 907 (9th Cir. 2004).

Defendant contends that emails from, or referring to, Bashen Consulting are protected by the attorney-client privilege.  However, those emails are not directed at counsel, do not seek legal advice and do not contain advice from defendant's legal counsel.  Reviewing the emails, there is nothing to indicate that they were prepared at the request of counsel in anticipation of litigation.  Thus, defendant's objection to the production of Privilege Log documents **11**, **12**, and **13** are **DENIED** because the emails do not fall under the attorney-client privilege and are not protected under the work product doctrine.

The Clerk is **ORDERED** to file a copy of the documents submitted for *in camera* review under seal.

Dated: June 9, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\SMITH V. PG&E\DISC4ORD.wpd