UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. SMITH and JOSE LEMUS,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　Defendant(s). | No. C07-2126 JSW (BZ)<br><br>**SEVENTH DISCOVERY ORDER** |

Plaintiffs have filed a motion to compel further responses to their requests for production of documents, set one, numbers 6 and 7, and set two, numbers 26, 37, 52, 53, 62, 73, 74, 77, 78, 81, and 83 - 86.  For the reasons set forth below, plaintiffs' motion is **GRANTED IN PART** and defendant is **HEREBY ORDERED** to provide further responses as follows:

　　1.　With regards to the documents produced in response to set one, request number **6**, defendant shall produce the applications in a manner that will allow plaintiffs to match the applications and resumes to the specific manager positions.  If defendant has to un-redact the names of the

1

candidates in order to comply with this order, the applications can be produced pursuant to an "Attorneys Eyes Only" protective order.[1]

    2.  As ordered in the Fifth Discovery Order, defendant shall produce all documents in response to set one, request number **7** for job number 38854 (subject to limitations set forth in that order).  According to plaintiffs, they have received the documents defendant produced to the EEOC, and requested documents for plaintiff Lemus and the selectee for job number 38854.  Plaintiffs claim that defendant have not produced the requested documents for the unsuccessful candidates for the job.  Based on the transcripts of the meet and confer sessions lodged with the court, it appears that defendant first denied that I ordered it to produce the documents and later agreed to produce the documents. Defendant now contends that it searched for the documents and subsequently discovered it had already produced all responsive documents.  Plaintiffs imply that defendant are withholding or have destroyed the responsive documents regarding the unsuccessful candidates for the position.  If defendant still contends that it has conducted a diligent search and has produced all responsive documents, it shall provide a declaration to that effect from the person responsible for the search and production, under Federal Rules of Civil Procedure

---

[1]    The parties are **HEREBY ORDERED** to stipulate to an amended protective order that includes an "Attorneys Eyes Only" provision and to submit that order for Judge White's approval by no later than **September 19, 2008.**  I urge the parties to use the sample protective order located on the Court's website.

11 and 26(g), by no later than **September 24, 2008**. Otherwise defendant shall produce the documents by that date.

3. Defendant shall produce documents in response to set two, requests **26**, **37**, **52** and **53**. The need for plaintiffs to discover this information outweighs the privacy interests of the employees involved, which are adequately addressed by redacting personal information from the documents and producing the documents pursuant to the "attorney's eyes only" protective order.

4. With regards to plaintiffs' set two, request **62**, defendant shall produce the data separated into ITUSS and ITI data.

5. As to set two, requests **73** and **74**, defendant shall extend its table to include the employees' pay grade.

6. As to set two, requests **77** and **78**, defendant shall produce the performance scores of the individuals in question linked to their ages subject to the "attorney's eyes only" protective order.

7. With regards to set two, request **81**, defendant shall produce the performance evaluations, job classifications, and rotation agreements for Newzell, Dale, Hunt and Abinante subject to the "attorney's eyes only" protective order.

8. As to set two, requests **83 - 86**, defendant shall produce the personnel files and performance evaluations of Lemons, Savage, McKinnon and DePorto subject to the "attorney's eyes only" protective order.

9. Defendant shall provide the further responses, as set forth in this order, by not later than **Wednesday, September**

**24, 2008.**

Plaintiffs' motion is **DENIED IN PART** as to plaintiffs' request for an order compelling defendant to produce Ralph Cable for deposition.  Plaintiffs did not comply with the procedures set forth in my initial discovery order required to obtain leave to bring a motion to compel on this issue.

Dated: September 17, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\SMITH V. PG&E\DISC7ORD.wpd