LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 88666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

STEPHEN L. SCHIRLE (State Bar No. 96085)
DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, California 94105
Telephone: (415) 973-6345
Facsimile:  (415) 973-5520

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

SIEGEL & YEE
DANIEL SIEGEL, ESQ. (State Bar No. 56400)
TANYA RUSSELL, ESQ. (State Bar No. 139730)
499 – 14th Street, Suite 220
Oakland, California 94612
Telephone:   (510) 839-1200
Facsimile:    (510) 444-6698

Attorneys for Plaintiffs
WILLIAM A. SMITH and JOSE E. LEMUS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. SMITH AND JOSE E. LEMUS,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　Defendant. | Case No . C07-02126 JSW<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON** |

## STIPULATION

In order to preserve and maintain the confidentiality of certain documents to be produced by defendant Pacific Gas and Electric Company ("PG&E") in the above-captioned action,

1

plaintiffs William A. Smith and Jose E. Lemus (hereinafter "Plaintiffs") and PG&E, by and through their attorneys of record, hereby stipulate as follows:

1. Documents to be produced by PG&E during discovery in this litigation may contain information protected by the constitutional right to privacy of third parties, trade secrets and other confidential matter, policy, procedure, research, development or information. These documents are hereafter referred to as "Protected Documents." Except as otherwise indicated below, all documents designated by PG&E as confidential that are produced in this action shall be Protected Documents and given confidential treatment and safeguarded as described below.

2. Protected Documents shall not include materials that on their face show that they have been published to the general public.

3. If a party contends that any document has been erroneously designated confidential, it shall nevertheless treat the document as a Protected Document unless and until it either (a) obtains PG&E's written permission to do otherwise or (b) obtains an order of this Court finding that the document is not a Protected Document.

4. Protected Documents and the materials contained therein shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever, other than as required for the use, preparation and trial of this action. Except as provided for in the paragraphs below, the parties shall keep all Protected Documents and the material contained therein confidential from all persons.

5. Except with the prior written consent of PG&E or upon further order of this Court, Protected Documents shall be shown or the contents thereof disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

    a. The parties and their counsel of record in this action;

    b. Employees of the parties' counsel assigned to and necessary to assist such counsel in the preparation or trial of this action;

    c. Court reporters and/or videographers employed in this action by any party to whom disclosure is reasonably necessary;

    d. During their depositions in the action, witnesses to whom disclosure is

reasonably necessary;

   e. Independent experts and consultants (and their agents and employees) retained by the parties whose assistance is necessary for the preparation or trial of this specific action, provided that no such disclosure shall be made to any person employed by any competitor of PG&E's, except upon further order of this Court; and

   f. The Court, jury or fact finder.

 6. Before being given access to any Protected Document, each person to whom a party and its representatives intend to deliver, exhibit or disclose any Protected Document or material contained therein shall be advised of the terms of this Stipulation and Order, shall be given a copy of this Stipulation and Order and shall agree, in writing, to be bound by its terms. Counsel for the party shall maintain a list of all persons to whom any Protected Document or material contained therein is provided, and that list shall be available for inspection by the Court.

 7. The party's counsel shall keep a record of all copies of each Protected Document distributed, in whole or in part, to any Qualified Person. Any copy so distributed shall be returned to counsel for the party after the completion of the Qualified Person's consultation or representation in this action.

 8. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Stipulation and Order, along with the transcript pages of the deposition testimony dealing with the Protected Documents or information which transcript pages shall be specifically designated by PG&E.

 9. Promptly after the conclusion of this action, but in no event later than one year after the entry of final judgment in this action, all Protected Documents, all copies thereof and all excerpts therefrom, shall be collected by each party's counsel from all consultants, experts and other Qualified Persons and shall be returned to counsel for PG&E. Upon request, PG&E agrees to provide a copy of specifically requested Protected Documents previously returned to PG&E should a party seek relief from a Final Judgment or Order. These documents shall be immediately returned to PG&E at the conclusion of such proceeding.

10. The parties shall not under any circumstances sell, offer for sale, advertise or publicize either the contents of Protected Documents or the fact that they obtained PG&E's confidential documents.

11. Documents to be produced in response to discovery request(s) may include documents or parts thereof unrelated to any specific allegation made. Accordingly, PG&E reserves the right to identify and withhold the production of specific documents or parts thereof which are subject to objections based on relevance or other legitimate grounds. PG&E will designate, in writing, which of the documents requested PG&E considers confidential and Protected Documents, which documents will be stamped in a manner so as not to impair the readability of the documents or any copies thereof.

12. Certain of the documents to be produced by PG&E in response to discovery requests may be designated as "ATTORNEYS' EYES ONLY" documents. PG&E shall affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that is designated as ATTORNEYS' EYES ONLY.

13. Documents designated as ATTORNEYS' EYES ONLY documents are extremely sensitive confidential information or items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

14. Unless otherwise ordered by the court or permitted in writing by PG&E, plaintiffs party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to

(a) Experts (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order (Exhibit A);

(b) the Court and its personnel;

(c) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(d) the author of the document or the original source of the information.

15. In addition to the provisions of paragraphs 12 through 14 of this stipulated

4

protective order, documents designated as ATTORNEYS' EYES ONLY documents shall receive all protections, and be subject to all procedures and mechanisms, applicable to Protected Documents.

16. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

17. This Stipulation and Order shall be binding upon the parties hereto, upon their attorneys and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors or other persons or organizations over which they have control.

DATED: September 19, 2008       LAFAYETTE & KUMAGAI LLP

/s/
GLEN TURNER
Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

DATED: September 19, 2008       SIEGEL & YEE

/s/
Tanya Russell
Attorneys for Plaintiffs
WILLIAM A. SMITH AND JOSE E. LEMUS

ORDER

The foregoing stipulation having been entered and good cause appearing therefore,

IT IS SO ORDERED.

Dated: _____September 22, 2008_____



_____
UNITED STATES MAGISTRATE JUDGE

N:\Documents\PGE\Smit\Disc\2nd Stip for prot order.doc

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON
Case No. 07-02126 JSW

6

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ [insert formal name of the case and the number and initial assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I herby appoint _____ [print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]
Signature: _____
                    [signature]

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON
Case No. 07-02126 JSW

7