IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. SMITH and JOSE LEMUS,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　　　／ | No. C 07-02126 JSW<br><br>**ORDER (1) TO SHOW CAUSE (2) DIRECTING PARTIES TO SUBMIT FURTHER PRETRIAL FILINGS** |

The Court has received the parties' pretrial filings. Based on the Court's preliminary review of those materials, it appears as though both parties have violated the Court's final pretrial conference procedures and required filings.

Parties are required to "serve their motions *in limine* on the opposing party reasonably in advance of the pretrial to permit the opposing party to prepare and serve its opposition." Although the Court does not specifically require, it recommends that the motions *in limine* be served at least thirty days in advance of the pretrial conference. Plaintiff submitted a letter to the Court explaining that Defendant did not serve its motions *in limine* on Plaintiff until after 3:00 p.m. on the afternoon of the last business day before the pretrial conference filings were due. As late as Sunday afternoon before the pretrial conference filings were due, Defendant emailed Plaintiff with a substituted motion *in limine*. Although the Court does not require the motions *in limine* to be served by a specific day, it is clear that serving the motions late in the afternoon on the last business day before the pretrial filings are due does not comply with the Court's order requiring that motions *in limine* be served on the opposing party reasonably in

advance of the pretrial conference to permit the opposing party to prepare and serve its opposition. Therefore, Defendant is HEREBY ORDERED TO SHOW CAUSE in writing no later than April 13, 2009 as to why the Court should not strike its motions *in limine*. Failure to respond to this Order by April 13, 2009 shall result in an order striking Defendant's motions *in limine*.

Parties are further required to "meet and confer, in person, in an attempt to resolve objections to the exhibits before this list is filed with the Court." The Court advises parties that "[u]nless there is a genuine issue as to the authenticity of exhibits, a party that has produced documents should not object to the other party offering those documents as exhibits on the basis of authenticity." Based on Plaintiff's letter stating that he received Defendant's objections to his exhibits late in the afternoon on Friday, the last business day before the pretrial filings were due to be filed, it does not appear as though the parties met and conferred, *in person*, in an attempt to resolve objections to exhibits before the exhibit list was filed with the Court. Moreover, Defendant submitted numerous objections based on lack of authentication to documents which were likely produced by Defendant. The parties are DIRECTED to meet and confer, *in person*, by no later than April 13, 2009 in an attempt to resolve the objections to exhibits. The parties shall file a revised exhibit list with the objections that could not be resolved, and the responses thereto, by no later than April 15, 2009.

Parties are required to file a joint set of proposed voir dire questions *supplemented as necessary by separate requests for good cause only*. Parties are advised to keep these to a minimum. The parties filed a purported "joint" set of proposed voir dire questions that merely attach Defendant's separately proposed voir dire questions and Plaintiff's separately proposed voir dire questions, with repetitive questions. Moreover, Defendant submits 45 questions with sub-parts, and Plaintiff submits 68 questions with sub-parts. The parties clearly failed to keep their requested questions to a minimum. The parties are directed to meet and confer, *in person*, regarding a *joint* set of proposed voir dire questions that are supplemented by the individual parties only if they have *good cause*. The parties shall file their revised voir dire questions by no later than April 15, 2009.

The pretrial conference is CONTINUED to May 11, 2009 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: April 8, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE