IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM A. SMITH and JOSE LEMUS,

    Plaintiffs,

v.

PACIFIC GAS AND ELECTRIC COMPANY,

    Defendant.

No. C 07-02126 JSW

**ORDER GRANTING MOTION TO QUASH**

Now before the Court is Defendant's motion to quash subpoenas. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court hereby grants Defendants' motion. Defendant moves to quash the subpoenas served on David McKinnon, John Greer and Roger Gray on the grounds that such witnesses were excluded pursuant to the Court's order granting Defendant's motion *in limine* No. 4. Plaintiff responds that such witnesses were not included in Defendant's notice of its motion *in limine*. However, Defendant's notice stated that it was moving to exclude from trial all testimony of witnesses not timely disclosed. More significantly, in the substance of Defendant's motion *in limine* No. 4, Defendant specifically argued that Plaintiff failed to timely disclose David McKinnon, John

///
///
///
///
///

Greer, Roger Gray, and Marty Hunt. Therefore, the Court HEREBY GRANTS Defendant's motion to quash subpoenas.[1]

**IT IS SO ORDERED.**

Dated: May 27, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] In its reply brief, Defendant states that although Plaintiff did not inform Defendant that he intended to maintain a subpoena on Marty Hunt, Plaintiff filed an amended witness list on May 26, 2009 in which he included Marty Hunt. Defendant requests that if a subpoena were served on Marty Hunt, that such subpoena should be quashed for the same reason as the other subpoenas. The Court notes that Defendant's motion *in limine* No. 4 included Plaintiff's failure to timely disclose Marty Hunt as a witness. Therefore, any subpoena served by Plaintiff on Marty Hunt would be in violation of the Court's order granting Defendant's motion *in limine* No. 4.

2